FILED
JEANNE A. NAUGHTON, CLERK
OCT 10 2018
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**PAZZO PAZZO, INC.,**<br><br>　　　　　　　　　　　Debtor. | Case No.: 18-13516-JKS<br>Chapter 11<br>Hon. John K. Sherwood, U.S.B.J. |
| In Re:<br><br>**BERLEY ASSOCIATES, LTD.,**<br><br>　　　　　　　　　　　Debtor. | Case No.: 18-13914-JKS<br>Chapter 11<br>Hon. John K. Sherwood, U.S.B.J. |
| **SPEEDWELL VENTURES, LLC,**<br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>**BERLEY ASSOCIATES, LTD.<br>and PAZZO PAZZO, INC.,**<br>　　　Defendants/Third-Party Plaintiffs,<br>v.<br><br>**62-74 SPEEDWELL AVE, LLC,**<br>　　　　　　　Third-Party Defendant. | Adversary No.: 18-01216-JKS |
| **62-74 SPEEDWELL AVE, LLC,**<br>　　　　　　　Fourth-Party Plaintiff,<br>v.<br><br>**STEWART TITLE GUARANTY CO.,**<br>　　　　　　　Fourth-Party Defendant. | |

Page 2
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

## DECISION AND ORDER
## REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The relief set forth on the following pages, numbered three (3) through fourteen (14), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    October 10, 2018

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document      Page 3 of 14

**Page 3**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

**APPEARANCES:**

**CULLEN AND DYKMAN LLP**
David Edelberg, Esq.
433 Hackensack Avenue
Hackensack, NJ 07601
*Counsel for Plaintiff and Counter-Defendant Speedwell Ventures, LLC*

**BERGER & BORNSTEIN**
Lawrence S. Berger, Esq.
237 South Steet
Morristown, NJ 07960
*Special Counsel for the Defendants/Counterclaimants/Third-Party Plaintiffs/Debtors/Debtors-in-Possession, Berley Associates, Ltd. and Pazzo Pazzo, Inc.*

**NORRIS MCLAUGHLIN & MARCUS, PA**
Morris S. Bauer, Esq.
400 Crossing Boulevard 8th Floor
Bridgewater, NJ 08807
*Counsel for Defendant(s)/Debtor(s)/Counterclaimants/Third-Party Plaintiffs Berley Associates, Ltd. and Pazzo Pazzo Inc.*

**BRACH EICHLER LLC**
Bobby Kasolas, Esq.
101 Eisenhower Pkwy
Roseland, NJ 07068
*Counsel for Third-Party Defendant and Fourth-Party Plaintiff 62-74 Speedwell Ave LLC*

**BOURNE, NOLL & KENYON**
Michael Mezzacca, Esq.
382 Springfield Avenue, Suite 507
Summit, NJ 07901
*Counsel for Third-Party Defendant and Fourth-Party Plaintiff 62-74 Speedwell Ave LLC*

**GIBBONS P.C.**
Joshua R. Elias, Esq.
One Gateway Center
Newark, NJ 07102
*Counsel for Fourth-Party Defendant Stewart Title Guaranty Company*

**UNITED STATES TRUSTEE**
Benjamin Teich, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
*Counsel for the United States Trustee*

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 4 of 14

**Page 4**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

# **PRELIMINARY STATEMENT**

Pazzo Pazzo, Inc. ("Pazzo"), a restaurant operator, and Berley Associates, Ltd. ("Berley"), the former owner of Pazzo's restaurant premises, filed Chapter 11 petitions to revive Pazzo's restaurant lease and Berley's option to buy back the restaurant premises which are located at 62-74 Speedwell Avenue, Morristown, New Jersey (the "Property"). Speedwell Ventures, LLC ("Speedwell") is the assignee of the party that purchased the Property from Berley subject to the buy-back option. It seeks summary judgment that the lease and option were validly terminated prepetition and cannot be revived. This case is unique in that the sale of the Property by Berley (together with the buy-back option) was contemplated as part of a prior Chapter 11 plan for Berley that was confirmed by the Bankruptcy Court. As set forth in more detail below, the survival of the Berley option depends on the status of the Pazzo lease because Speedwell contends that the termination of the lease was the basis upon which the option was terminated. Berley contends that the value of the Property is much greater than the option price. Thus, it is motivated to retain the option for the benefit of its estate.

The threshold issue that must be decided is whether Speedwell validly terminated Pazzo's lease under New Jersey law before Pazzo filed its bankruptcy case. Because Speedwell did not obtain a judgment of possession against Pazzo before the bankruptcy case was filed, the Court finds that the Pazzo lease was not terminated and Pazzo may assume the lease under § 365(a) of the Bankruptcy Code. But the Court also finds that Pazzo is subject to the obligations of a commercial lessee in bankruptcy provided in §§ 365(d)(3) and (4) of the Bankruptcy Code. If Pazzo does not promptly fulfill these obligations, its lease will be deemed terminated.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 5 of 14

**Page 5**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.:  18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

## BACKGROUND AND PROCEDURAL HISTORY

### I. The Prior Bankruptcy

On September 5, 2012, Berley filed its first Chapter 11 bankruptcy petition. In January 2014, Berley submitted a modified Chapter 11 plan[1] and entered into a series of transactions to ensure the plan was adequately funded. On January 7, 2014, Berley entered into a lease agreement (the "Lease") with Pazzo of the restaurant premises which are located at the Property. The term of the Lease was for 10 years at $180,000 annually to be paid in monthly installments on the first day of each calendar month.[2] On the same day, Berley contracted to sell the Property to its secured creditor, Lenox Hill Investors, LLC ("Lenox"), for $2 million.[3] Lenox assigned its interest in the Property to Speedwell at or shortly after closing. The sale proceeds were used to pay off Lenox's claim of approximately $1.2 million against Berley as well as Berley's other creditors. On March 27, 2014, the price was amended to $2.5 million.[4] Pursuant to the purchase contract, the Lease with Pazzo was assumed by Lenox. So it was contemplated that Pazzo would remain as a tenant at the Property as long as it paid rent. And, Berley retained an option to repurchase the Property from Lenox/Speedwell for $1.85 million (the "Option").[5]

In support of confirmation, on March 10, 2014, Lawrence Berger, Berley's partner, president of Pazzo and principal of USLR, certified that the rents from the Lease, the sale of the Property to Lenox and an unsecured loan from USLR would be used to fund the plan.[6] On June 12, 2014, the Bankruptcy Court confirmed the second modified plan of reorganization.[7]

---

[1] Second Modified Plan of Reorganization, ECF No. 1, Ex. B.
[2] Commercial Building Lease, ECF No. 1, Ex. A.
[3] Contract for the Purchase of Real Estate, ECF No. 1, Ex. E.
[4] *Id.* at 21.
[5] *Id.* at 17; Option Contract for the Purchase of Real Property, ECF No. 1, Ex. F.
[6] Certification of Lawrence S. Berger in Support of Confirmation, ECF No. 1, Ex. D at ¶ 13(5).
[7] Order Confirming Second Modified Plan of Reorganization as Modified Herein, ECF No. 1, Ex. C.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 6 of 14

**Page 6**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

## II.    The Lease And Option Contracts

As set forth above, the Lease was originally between Berley and Pazzo. Pursuant to the Lease, Pazzo was to operate an Italian restaurant at the Property. When the Property was sold by Berley to Lenox, the Lease was assumed by Lenox under the real estate sale contract. At or shortly after closing, Lenox assigned the Property to Speedwell who then became Pazzo's landlord.[8]

In defining "default," § 17 of the Lease states that a default consists of a:

> (1) [F]ailure to pay when due any installment of rent or additional rent reserved herein, or any part of either which failure shall continue for more than fifteen (15) days;
> (2) failure in the performance of or compliance with any of the other covenants, conditions and/or terms of this Lease, which failure shall continue for more than thirty (30) days after written notice thereof to the Tenant, provided, however, if the default complained of in the notice is of such a nature that it could not reasonably be cured within thirty (30) days, then there shall be no default so long as Tenant (i) commences cure within thirty (30) days after the notice, (ii) pursues the cure with all due diligence, and (iii) completes the cure within no more than ninety (90) days after the notice;
> (3) abandonment, vacation or desertion of the Demised Premises;
>          *          *          *          *
> (6) if Tenant liquidates or ceases to exist.[9]

In the event of a default, the landlord is entitled to exercise all rights and remedies allowed at law and equity; additionally, the landlord may:

> (1) [G]ive Tenant a notice (the "<u>Termination Notice</u>") of its intention to terminate [the] Lease specifying a date not less than ten (10) days thereafter, upon which date this Lease, the term and estate hereto granted and all rights of Tenant hereunder shall expire and terminate. Notwithstanding the foregoing: (i) Tenant shall remain liable for damages as hereinafter set forth, and (ii) Landlord may institute dispossess proceedings for non-payment of rent, or other proceedings to enforce the payment of rent without giving the Termination Notice.[10]

---

[8] Complaint, ECF No. 1, ¶¶ 25-26.
[9] *Id.* at ¶ 13.
[10] Commercial Building Lease, ECF No. 1, Ex. A at 14.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document      Page 7 of 14

Page 7
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.:  18-01216-JKS
Caption of Order:  **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

As noted, the Option to buy back the Property for $1.85 million held by Berley was linked to the Lease.  The Option was to "exist and continue [for] a period of 30 days after receipt of notice from [Speedwell] to [Berley] requesting that [Berley] exercise and close on the Option or lose such right ("Option Notice"), which Option Notice shall not be given any earlier than (i) 3 months before the expiration of the 10 years . . . or (ii) the termination of the Lease, whichever event occurs first."[11]  Thus, the termination of the Lease would give Speedwell the right to issue the Option Notice.

Pazzo defaulted on its Lease obligations in March of 2017.  As a result, on April 14, 2017, Speedwell sent a Notice of Default to Berley, Pazzo, USLR and Mr. Berger by regular mail, certified mail, email and fax.  Per the notice, Speedwell alleged the following defaults: "(1) Tenant's failure to i) provide insurance, ii) satisfy its note obligation for March and April 2017 and iii) satisfy its Rent and additional Rent obligation under the Lease."[12]  The notice provided Pazzo 15 days to cure the defaults, otherwise, Speedwell was entitled to terminate the Lease.  Additionally, the April 14th letter notified the parties that upon termination, Speedwell would serve the Option termination notice.  Once Berley received this notice, it would have 30 days to exercise the Option; otherwise, the Option would expire.

Speedwell did not exercise its right to terminate the Lease and did not serve the Option termination notice until June 9, 2017.  Additionally, the June 9th letter listed other material defaults by Pazzo including: "its abandonment, vacation or desertion of the Leasehold Premises[.]"[13]  No

---

[11] Contract for the Purchase of Real Estate, ECF No. 1, Ex. E at 17.
[12] Notice of Default, ECF No. 1, Ex. H.
[13] Notice of Termination of Lease and Option, ECF No. 1, Ex. I.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 8 of 14

**Page 8**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

reply, objection or attempt to cure the defaults was made by Pazzo or Berley after the receipt of the June 9th letter.

Upon receipt of the June 9, 2017 letter, Berley had 30 days to exercise the Option. Despite valid notice, none of the noticed parties replied to the Option termination notice. As a result, Speedwell sent a notice of termination of the Option on August 1, 2017.[14] The discharge of the Option was recorded in the Morris County Clerk's Office on August 18, 2017.[15]

Following its notice of termination of the Lease and the Option, Speedwell sold the Property to 62-74 Speedwell Ave., LLC ("Purchaser") by deed on February 15, 2018.[16] On February 23, 2018 and February 28, 2018, Pazzo and Berley ("Debtors") filed for relief under Chapter 11. In their schedules filed with the bankruptcy petitions, Pazzo listed the Lease under schedule G as an unexpired lease, and Berley listed the Option under schedule G as an unexpired executory contract.[17]

### III. Procedural History

On May 2, 2018, Speedwell filed a Complaint seeking declaratory judgment that both the Lease and Option were terminated and should not be included in the bankruptcy estates of Pazzo and Berley. In their June 21, 2018 Counterclaim, the Debtors allege the transfer of the Option is voidable under 11 U.S.C § 548(a)(1)(B), stating: (1) the fair market value of the Option was greater than $1 million at the time of transfer, (2) less than reasonably equivalent value for the transfer was received, (3) at the time of transfer Berley was insolvent or made insolvent by the transfer and

---

[14] Termination of Option Contract for the Purchase of Real Property, ECF No. 1, Ex. J.
[15] Recorded Discharge of Memorandum of Option Contract, ECF No. 1, Ex. L.
[16] Complaint, ¶ 60, ECF No. 1.
[17] Pazzo Schedule G, ECF No. 1, Ex. N; Berley Schedule G, ECF No. 1, Ex. O.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 9 of 14

**Page 9**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

(4) the transfer of the Option took place within two years before the Debtors' petition date.[18] In the second count of the Counterclaim, Debtors allege under 11 U.S.C. § 365 that the Lease is an unexpired lease of Pazzo because Pazzo never surrendered possession of the Property to Speedwell and/or Speedwell was required to obtain a judgment of possession in a summary dispossess action.[19] Among other things, the Debtors rely on language in the Option which provides that the 30-day Option term does not begin to run until the termination of Pazzo's tenancy at the Property.[20] The Debtors argue that under New Jersey law, Pazzo's tenancy was not terminated for bankruptcy purposes because Speedwell never obtained a judgment of possession against Pazzo in State Court.

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984, as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## LEGAL ANALYSIS

### I. The Lease Was Not Terminated Prepetition Under New Jersey Law And Can Be Assumed Under 11 U.S.C. § 365.

According to 11 U.S.C. § 365, a trustee may assume or reject any executory contract or unexpired lease of the debtor subject to the approval of the court, but executory contracts and leases that have been validly terminated prior to the initiation of bankruptcy proceedings cannot

---

[18] Debtors' Counterclaim, ECF No. 4.
[19] *Id.*
[20] Option Contract for the Purchase of Real Property, ECF No. 1, Ex. F at ¶ 2(b).

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document      Page 10 of 14

**Page 10**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

be assumed.[21]  In other words, "an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets."[22]  If the bankruptcy court allowed validly terminated leases to be revived under § 365, the court would be creating rights for the debtor where none existed; "[m]oreover, the implications . . . would render virtually every validly terminated executory contract revivable by a debtor by simply initiating bankruptcy proceedings."[23]

While Speedwell admits it did not initiate legal proceedings to terminate the Lease, it contends that New Jersey law does not require it to do so.  "A material breach of contract on the part of one party entitles the other party to terminate it. 'If the breach is material . . . the non-breaching party may treat the contract as terminated and refuse to render continued performance.'"[24]  While termination does not occur automatically at the breach, termination does occur once the non-breaching party exercises its right of termination.  This can be done by "notifying the breaching party of its intent to terminate and stopping its own performance under the contract."[25]  Essentially, Speedwell is saying that if the provisions of a lease say that it can be terminated by a written notice, those terms are (and should be) respected under New Jersey law.  This argument has logical appeal, especially in this case where Pazzo did not file its bankruptcy petition until approximately eight months after Speedwell declared the Lease to be terminated.

---

[21] *In re Indri,* 126 B.R. 443, 445 (Bankr. D.N.J. 1991).
[22] *In re Triangle Laboratories, Inc.,* 663 F.2d 463, 467-68 (3d Cir. N.J. 1981).
[23] *Coast Cities Truck Sales v. Navistar Int'l Transp. Co.,* 147 B.R 674, 678 (D.N.J. 1992); *see In re Butchman,* 4 B.R. 379, 381 (Bankr. S.D.N.Y. 1980).
[24] *Young Travelers Day Camps, Inc. v. Felsen,* 287 A.2d 231, 235 (Dist. Ct. 1972) (quoting *Ross Systems v. Linden Dari-Delite*, 35 N.J. 329, 341 (1969)).
[25] *Nickels Midway Pier, LLC v. Wild Waves, LLC*, 372 B.R. 218, 223 (D.N.J. 2007).

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 11 of 14

Page 11
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

On the other hand, Pazzo's argument is that the only way to finally terminate a real estate lease for bankruptcy purposes under New Jersey law is to obtain a judgment of possession. This view is supported by New Jersey law and bankruptcy cases which interpret it.

Starting with the applicable New Jersey statutes, N.J.S.A. 2A:18-53 provides that a commercial tenant may be removed from leased premises by the Superior Court "[w]here such [tenant] shall hold over after a default in the payment of rent, pursuant to an agreement under which the premises are held." By itself, this statute does not seem unusual – of course, if a commercial tenant does not pay rent, the landlord can ask the court to have the "hold over" tenant removed. But, the most relevant statute for the purposes of the issue before the Court is N.J.S.A. 2A:18-55, which also relates to removal of tenants for non-payment of rent. It provides that if, in an action for non-payment of rent, "the tenant . . . shall at any time on or before entry of final judgment, pay to the clerk of the court the rent claimed to be in default, together with accrued costs of the proceedings, all proceedings shall be stopped." Thus, these New Jersey statutes suggest that a commercial tenant in New Jersey can pay past due rent (and court costs) at any time before entry of final judgment and preserve the tenancy. When this legal principle is applied with the lease assumption provisions under § 365 of the Bankruptcy Code, it appears that the Debtors are correct in their view that the Pazzo Lease was not fully and finally terminated – at least for bankruptcy purposes.

One case that addressed this issue was *In re Great Feeling Spas, Inc.*, 275 B.R. 476 (Bankr. N.J. 2002). The holding of the Court was clear – "[It] is the entry of a judgment for possession, and not the issuance of a warrant for removal, that terminates a lease under New Jersey law."[26] To

---

[26] *In re Great Feeling Spas, Inc.,* 275 B.R. at 477.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 12 of 14

**Page 12**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

be clear, the *Great Feeling Spas* case involved circumstances different from those presented here by Pazzo. A judgment for possession <u>had</u> <u>been</u> <u>entered</u> and the tenant argued that the lease was not terminated until entry of the warrant for removal (which occurs after the judgment for possession). But the Court, analyzing N.J.S.A. 2A:18-53 and 2A:18-55 referred to above, as well as leading cases from New Jersey state courts, ruled that the point of termination for commercial leases is the entry of judgment for possession.[27] The Court agrees with that the analysis of Judge Lyons in *Great Feeling Spas* which led to the conclusion that a judgment of possession is necessary to terminate a lease under New Jersey law.

The *Great Feeling Spas* analysis was cited with approval by the New Jersey District Court in *In re Nickels Midway Pier, LLC*,[28] a case relied on by Speedwell for the proposition that a commercial lease can be terminated by giving notice pursuant to the terms of the agreement between the parties. To support this proposition, the *Nickels* court relied on *Young Travelers Day Camps, Inc. v. Felson*,[29] a case which involved the termination of a license agreement, not a real estate lease. For real estate lease termination under New Jersey law, it seems clear that the *Nickels* court was relying on *Great Feeling Spas*.[30] And, two other New Jersey bankruptcy court decisions adopt the "bright line rule" in New Jersey that a judgment for possession terminates a non-residential lease.[31]

Termination of the Pazzo Lease under New Jersey law is important here because § 365(c)(3) of the Bankruptcy Code provides that a lease cannot be assumed if it has been

---

[27] *Id.* at 478-80.
[28] 372 B.R. 218, 223 (D.N.J. 2007).
[29] 118 N.J. Super 304, 311 (Dist. Ct. 1972).
[30] *Nickels*, 372 B.R. at 223.
[31] *In re Seven Hills, Inc.,* 403 B.R. 327, 331 (Bankr. N.J. 2009); *Matter of DiCamillo*, 206 B.R. 64, 67 (Bankr. N.J. 1997).

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
Document    Page 13 of 14

Page 13
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

"terminated under applicable non-bankruptcy law prior to the order for relief." "Terminated" means fully terminated under state law. Thus, Pazzo's right to assume the lease under § 365 continues so long as it holds "some possessory interest or toehold in the property."[32] Since a judgment for possession was not entered against Pazzo, it retains the right under New Jersey law (N.J.S.A. 2A:18-55) to pay outstanding rent and preserve the Lease. This is enough of a "toehold" interest for the Court to rule that the Lease can still be assumed under § 365(c) of the Bankruptcy Code.

### II. Pazzo Must Cure Post-Petition Rent Arrears And Promptly Assume The Lease Or It Will Be Deemed Rejected.

As stated above, the Court agrees with Pazzo's legal argument that the Lease was not fully terminated pre-petition. Thus, Pazzo has the right to assume the Lease if it can do so. In Count 2 of Pazzo's Counterclaim (ECF No. 4), Pazzo asserts that it wants to assume the Lease. Until now, Pazzo did not know whether or not it had a Lease that could be assumed. Thus, it was not fair to expect that Pazzo would fulfill the obligations of a commercial tenant under bankruptcy law. But that has now changed and Pazzo must demonstrate that it has the desire and financial wherewithal to assume the Lease.

First, under § 365(d)(3) of the Bankruptcy Code, Pazzo must promptly pay all post-petition rent due to Speedwell. Outstanding post-petition rent (approximately 8 months) shall be paid by Pazzo to Speedwell within 30 days of this decision. If these payments are not made, the Lease will be deemed rejected.

Second, under § 365(d)(4) of the Bankruptcy Code, a nonresidential real estate lease is deemed rejected if it is not assumed within 120 days of the petition date. That period has passed

---

[32] *See In re Seven Hills, Inc.,* 403 B.R. at 332.

Case 18-01216-JKS    Doc 30    Filed 10/10/18    Entered 10/15/18 14:03:55    Desc Main
                     Document      Page 14 of 14

**Page 14**
Speedwell Ventures, LLC v. Berley Associates, LTD and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Regarding Plaintiff's Motion for Summary Judgment**

in this case. But, again, it is not realistic to expect Pazzo to assume the Lease before the Court decides whether or not it is capable of being assumed. On the other hand, Pazzo should have been preparing for the possible outcome that it has sought. Thus, Pazzo will have 30 days to move to assume the Lease. The motion must be supported by evidence that Pazzo has the means to cure all defaults under the Lease and perform its financial obligations going forward. If such a motion is not filed within 30 days or if the motion is denied, the Lease will be deemed rejected.

## CONCLUSION

For all of the forgoing reasons, judgment is granted in favor of Pazzo on the issues of (i) whether the Lease was terminated under New Jersey law pre-petition – it was not, and (ii) whether the Lease can be assumed under § 365 – it can, provided that Pazzo can satisfy the elements of § 365 necessary for assumption. The Court reserves jurisdiction over the remaining issues in this adversary proceeding and will address them (if necessary) after the rent payment and Lease assumption issues are resolved.