

FILED
JEANNE A. NAUGHTON, CLERK
APR 24 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**PAZZO PAZZO, INC.,**<br><br>　　　　　　　　Debtor. | Case No.: 18-13516-JKS<br>Chapter 11<br>Hon. John K. Sherwood, U.S.B.J. |
| In Re:<br><br>**BERLEY ASSOCIATES, LTD.,**<br><br>　　　　　　　　Debtor. | Case No.: 18-13914-JKS<br>Chapter 11<br>Hon. John K. Sherwood, U.S.B.J. |
| **SPEEDWELL VENTURES, LLC,**<br>　　　　　　　　Plaintiff,<br>v.<br><br>**BERLEY ASSOCIATES, LTD.**<br>**and PAZZO PAZZO, INC.,**<br>　　Defendants/Third-Party Plaintiffs,<br>v.<br><br>**62-74 SPEEDWELL AVE, LLC,**<br>　　　　　　Third-Party Defendant. | Adversary No.: 18-01216-JKS |
| **62-74 SPEEDWELL AVE, LLC,**<br>　　　　　Fourth-Party Plaintiff,<br>v.<br><br>**STEWART TITLE GUARANTY CO.,**<br>　　　　　Fourth-Party Defendant. | |

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
Document    Page 2 of 8

**Page 2**
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order:  **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

## DECISION AND ORDER
## RE: WHETHER TERMINATION OF BERLEY'S OPTION
## IS A FRAUDULENT TRANSFER

The relief set forth on the following pages, numbered four (4) through eight (8), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    April 24, 2019

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
Document    Page 3 of 8

Page 3
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

## APPEARANCES:

**CULLEN AND DYKMAN LLP**
David Edelberg, Esq.
433 Hackensack Avenue
Hackensack, NJ 07601
*Counsel for Plaintiff and Counter-Defendant Speedwell Ventures, LLC*

**BERGER & BORNSTEIN**
Lawrence S. Berger, Esq.
237 South Street
Morristown, NJ 07960
*Special Counsel for the Defendants/Counterclaimants/Third-Party Plaintiffs/Debtors/Debtors-in-Possession, Berley Associates, Ltd. and Pazzo Pazzo, Inc.*

**NORRIS MCLAUGHLIN & MARCUS, PA**
Morris S. Bauer, Esq.
400 Crossing Boulevard 8th Floor
Bridgewater, NJ 08807
*Counsel for Defendant(s)/Debtor(s)/Counterclaimants/Third-Party Plaintiffs Berley Associates, Ltd. and Pazzo Pazzo Inc.*

**BRACH EICHLER LLC**
Bobby Kasolas, Esq.
101 Eisenhower Pkwy
Roseland, NJ 07068
*Counsel for Third-Party Defendant and Fourth-Party Plaintiff 62-74 Speedwell Ave LLC*

**BOURNE, NOLL & KENYON**
Michael Mezzacca, Esq.
382 Springfield Avenue, Suite 507
Summit, NJ 07901
*Counsel for Third-Party Defendant and Fourth-Party Plaintiff 62-74 Speedwell Ave LLC*

**GIBBONS P.C.**
Joshua R. Elias, Esq.
One Gateway Center
Newark, NJ 07102
*Counsel for Fourth-Party Defendant Stewart Title Guaranty Company*

**UNITED STATES TRUSTEE**
Benjamin Teich, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
*Counsel for the United States Trustee*

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
Document    Page 4 of 8

Page 4
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

## **PRELIMINARY STATEMENT**

Pazzo Pazzo, Inc. ("Pazzo"), a restaurant operator, and Berley Associates, Ltd. ("Berley"), the former owner of Pazzo's restaurant premises, filed Chapter 11 petitions to revive Pazzo's restaurant lease (the "Lease") and Berley's option to buy back the restaurant premises (the "Option") located at 62-74 Speedwell Avenue, Morristown, New Jersey (the "Property"). Speedwell Ventures, LLC ("Speedwell") is the assignee of the party that purchased the Property from Berley subject to the Option. Upon several material defaults by Pazzo (as defined in the Lease) and its failure to respond to Speedwell's notice of termination of the Lease thereafter, Speedwell issued a notice of termination of the Option. Approximately six months after the Option was terminated, Speedwell sold the Property to 62-74 Speedwell Ave., LLC (the "Purchaser").

The Court has decided various issues since this adversary proceeding was filed in May 2018 that impact the status of the Lease and Option. First, the Court held that because Speedwell did not obtain a judgment of possession prior to the filing of Pazzo's bankruptcy petition, the Lease was not terminated pre-petition due to Pazzo's failure to pay rent.[1] Second, the Court decided that because Pazzo had not paid post-petition rent or assumed the Lease by the deadlines established under §§ 365(d)(3) and (4) of the Bankruptcy Code (as extended), the Lease was terminated as of December 7, 2017.[2] Third, the Purchaser and Speedwell asked the Court to consider whether the Lease was terminated pre-petition for a different reason – Pazzo's abandonment, vacation or desertion of the Property.[3] The Court agreed that its previous decisions were without prejudice to the parties' rights to argue that the Lease was terminated pre-petition as a result of Pazzo's

---

[1] Decision and Order Re: Plaintiff's Motion for Summary Judgment, ECF No. 30.
[2] Order Re: Debtors' Motion for Assumption of Lease, ECF No. 59.
[3] *See* Motion for Reconsideration, ECF No. 40.

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
Document    Page 5 of 8

Page 5
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

abandonment or surrender of the Property. Evidentiary hearings were conducted on March 7 and 8, 2019 and the Court entered a Declaratory Judgment declaring the Lease was terminated as of June 9, 2017 due to Pazzo's vacation and abandonment.[4] As a result, Speedwell's termination of the Option in August 2017 was proper.[5]

There is one more issue that must be decided which touches upon Berley's efforts to preserve the Option, despite the fact that the Court has found that the Option was validly terminated pre-petition. The issue is whether the pre-petition termination of the Option is a fraudulent transfer under § 548 of the Bankruptcy Code. This claim is set forth in Count I of Berley's Counter-Claim against Speedwell and Third-Party Complaint against the Purchaser.[6]

## **LEGAL ANALYSIS**

Count I of Berley's Counter-Claim and Third-Party Complaint alleges the transfer of the Option is voidable under 11 U.S.C § 548(a)(1)(B).[7] According to § 548, a trustee can "avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily" (1) received less than a reasonably equivalent value in exchange for such transfer and (2) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer.[8] The Debtors' Counter-Claim states: (1) the fair market value of the Option was greater than $1 million at the time of transfer, (2) less than reasonably equivalent value for the transfer was received, (3) at the time of transfer Berley was insolvent or made insolvent by the transfer and

---

[4] Declaratory Judgment Re: Termination of Lease Due to Vacation and Abandonment of Leased Premises, ECF No. 121.
[5] *See* August 1, 2017 Letter Re: Termination of Option Contract, ECF No. 11, Ex. L.
[6] Debtors' Counter-Claim and Third-Party Complaint, ECF No. 4.
[7] *Id*.
[8] 11 U.S.C. § 548.

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
Document      Page 6 of 8

**Page 6**
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

(4) the transfer took place within two years prior to the Debtors' petition date.[9] Speedwell and the Purchaser argue that the termination of the Option was not a fraudulent transfer that can be avoided pursuant to § 548. The issue of whether a valid pre-petition termination of an option is a "transfer" that is voidable under § 548 is purely legal and can be decided on summary judgment.

Under 11 U.S.C. § 101(54), a "transfer" includes "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . property; or an interest in property."[10] Although the definition seems very broad, courts are divided as to its actual scope, specifically as it is applied in the context of § 548. In *In re Indri*, 126 B.R. 443 (Bankr. D.N.J. 1991), the bankruptcy court held that a pre-petition lease termination constitutes a transfer within the meaning of § 101 and § 548 and that "[t]he termination of [a] debtor's lease [is] a parting . . . with an interest in property."[11] Conversely, in *In re Coast Cities Truck Sales, Inc.*, 147 B.R. 674 (D.N.J. 1992), the court found the termination of a contract was not a transfer and that, following the termination of a contract, the debtor "possesse[s] no rights as a matter of law which it could relinquish since the contract . . . expired by its own terms."[12] The court found that there was a difference under bankruptcy law between the loss of rights under a contract and other transfers of property. In other words, if a party loses property rights by the operation of the terms of a valid contract, it should be as though those property rights do not exist – because their existence depends on compliance with the terms of the contract.

*In re Wey*, 854 F.2d 196 (7th Cir. 1988), is another case that supports the view that the loss of property rights under the terms of a contract should not constitute a transfer for fraudulent

---

[9] Debtors' Counter-Claim and Third-Party Complaint, ECF No. 4.
[10] 11 U.S.C. 101(54).
[11] *In re Indri*, 126 B.R. 443, 446 (Bankr. D.N.J. 1991).
[12] *In re Coast Cities Truck Sales, Inc.*, 147 B.R. 674, 678 (D.N.J. 1992).

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
                        Document      Page 7 of 8

**Page 7**
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

conveyance purposes. In that case, a bankruptcy trustee sought to recover a $520,000 down payment by the debtor under a real estate contract that was lost because the debtor could not complete the purchase of the property. The trustee brought a fraudulent conveyance claim arguing that the debtor did not receive reasonably equivalent value in exchange for the forfeiture of the down payment. But, the court concluded that a transfer did not occur for fraudulent conveyance purposes and stated:

> Possession of expired rights is the equivalent of possession of no rights. When a termination is pursuant to the terms of a contract, there is no transfer.[13]

There is more support for the view that a pre-petition termination of a contract pursuant to its terms and the consequent cessation of a debtor's rights under a contract does not constitute a transfer for fraudulent conveyance purposes.[14] In some cases, this support is based on the policy of protecting the parties' expectations in real estate contracts. Where rights under these contracts expire or terminate, the real estate marketplace should be able to rely on this state of affairs. Allowing the proper termination of a contract to be unwound in a fraudulent conveyance action under § 548 of the Bankruptcy Code would lead to uncertainty.[15] The Court notes that there could be an exception to this view in cases where the termination of a debtor's contractual property rights is the result of cooperation or collusion between the parties to the contract.[16]

Applying this legal precedent, the Court concludes that the termination of the Option by Speedwell cannot be the basis for a fraudulent conveyance claim. The Option was part of an

---

[13] *In re Wey*, 854 F.2d 196, 199 (7th Cir. 1988); *citing In re Commodity Merchants*, 538 F.2d 1260 (7th Cir. 1976).
[14] *See In. re LiTenda Mortg. Corp.,* 246 B.R. 185, 191 (Bankr. D.N.J. 2000).
[15] *See In re Egyptian Bros. Donut, Inc.*, 190 B.R. 26, 31 (Bankr. D.N.J. 1995).
[16] *See In re Teligent, Inc.,* 325 B.R. 81, 87 (Bankr. S.D.N.Y. 2005); *In re Haines,* 178 B.R. 471, 476 (Bankr. W.D. Mo. 1995).

Case 18-01216-JKS    Doc 134    Filed 04/24/19    Entered 04/24/19 15:56:33    Desc Main
Document    Page 8 of 8

**Page 8**
Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc., et al.
Adv. Pro. No.: 18-01216-JKS
Caption of Order: **Decision and Order Re: Whether Termination of Berley's Option is a Fraudulent Transfer**

integrated real estate transaction that enabled Berley to emerge from its prior bankruptcy case in June 2014. The transaction was fully disclosed in the public records and approved by the Bankruptcy Court.[17] Berley knew what it had to do to preserve the Option. Speedwell gave ample notice of its intent to terminate the Option and then removed it from the public real estate records – without objection from Berley. Berley did nothing in response to these acts until it filed these bankruptcy proceedings approximately six months later. The Option was properly terminated according to its terms before this bankruptcy case was filed. There was no collusion or cooperation between Speedwell and Berley. The fraudulent transfer provisions of § 548 of the Bankruptcy Code cannot be used under the facts here to revive a contractual interest in property that was terminated.[18]

## **CONCLUSION**

For all of the forgoing reasons, summary judgment is granted in favor of Speedwell and the Purchaser dismissing the fraudulent conveyance counts of the Counter-Claim and Third-Party Complaint.

---

[17] *See* Order Confirming Second Modified Plan, Case No. 12-32032, ECF No. 120.

[18] Berley's Counter-Claim and Third-Party Complaint do not seek to avoid the termination of the Option as a preference under § 547 of the Bankruptcy Code. Yet, the parties' briefs contain such arguments. The Court does not address this issue except to say that pursuant to 11 U.S.C. § 547, a trustee can avoid any transfer that is made within 90 days of the filing of the petition. The alleged transfer that occurred as a result of the termination of the Option occurred over six months prior to Berley's filing of its petition. Also, in light of the Court's decision, it is not necessary to address the *In Pari Delicto* arguments raised by the Purchaser.