**FILED**

JEANNE A. NAUGHTON, CLERK

DEC 05 2019

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY                    DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**PAZZO PAZZO, INC.,**<br>                    Debtor. | Case No.: 18-13516-JKS<br>Chapter 11<br>Hon. John K. Sherwood, U.S.B.J. |
| In Re:<br><br>**BERLEY ASSOCIATES, LTD.,**<br>                    Debtor. | Case No.: 18-13914-JKS<br>Chapter 11<br>Hon. John K. Sherwood, U.S.B.J. |
| **SPEEDWELL VENTURES, LLC,**<br>                    Plaintiff,<br>v.<br>**BERLEY ASSOCIATES, LTD.**<br>**and PAZZO PAZZO, INC.,**<br>          Defendants/Third-Party Plaintiffs,<br>v.<br>**62-74 SPEEDWELL AVE, LLC,**<br><br> Third-Party Defendant/Fourth-Party Plaintiff,<br>v.<br>**STEWART TITLE GUARANTY CO.,**<br>                    Fourth-Party Defendant. | Adversary No.: 18-01216-JKS<br><br><br><br><br>**DECISION AND ORDER**<br>**REGARDING CROSS MOTIONS**<br>**FOR SUMMARY JUDGMENT**<br>**BY STEWART TITLE**<br>**GUARANTY CO. AND**<br>**62-74 SPEEDWELL AVE, LLC** |

Page 2
Case:                    Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:           18-01216-JKS
Caption of Order:        Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                         and 62-74 Speedwell Ave, LLC

## DECISION AND ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT BY STEWART TITLE GUARANTY CO. AND 62-74 SPEEDWELL AVE, LLC

The relief set forth on the following pages, numbered four (4) through nineteen (19), is

hereby **ORDERED**.

HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: December 5, 2019

Page 3

Case:            Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                 and 62-74 Speedwell Ave, LLC

## <u>APPEARANCES:</u>

**CULLEN AND DYKMAN LLP**
David Edelberg, Esq.
433 Hackensack Avenue
Hackensack, NJ 07601
***Counsel for Plaintiff and Counter-Defendant Speedwell Ventures, LLC***

**BRACH EICHLER LLC**
Bobby Kasolas, Esq.
101 Eisenhower Pkwy
Roseland, NJ 07068
***Counsel for Third-Party Defendant and Fourth-Party Plaintiff 62-74 Speedwell Ave, LLC***

**GIBBONS P.C.**
Joshua R. Elias, Esq.
One Gateway Center
Newark, NJ 07102
***Counsel for Fourth-Party Defendant Stewart Title Guaranty Company***

Case:            Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                 and 62-74 Speedwell Ave, LLC

## PRELIMINARY STATEMENT

In this matter, the Court must decide if a title insurance company is obligated to defend and indemnify a purchaser of real property for claims arising from an alleged lease of the property and a related option to purchase it. Pazzo Pazzo, Inc. ("Pazzo") and Berley Associates, Ltd. ("Berley") filed for Chapter 11 relief in order to revive a lease held by Pazzo (the "Lease") and an option held by Berley (the "Option"). The Lease and Option relate to real property located at 62-74 Speedwell Avenue, Morristown, New Jersey (the "Property"). Through a series of transactions, 62-74 Speedwell Ave, LLC ("62-74") purchased the Property from Speedwell Ventures, LLC ("Speedwell Ventures") and in connection with this transaction, 62-74 contracted with Stewart Title Guaranty Company ("Stewart Title") to obtain title insurance.

62-74's interest in the Property was challenged by Pazzo and Berley in their Chapter 11 cases. Pazzo and Berley listed the Lease and Option as assets of their estates. In response, Speedwell Ventures filed this adversary proceeding to settle the issues concerning the validity of the Lease and Option. Through various motions and evidentiary hearings, this Court has decided that both the Lease and Option were terminated before Pazzo and Berley's bankruptcy petitions were filed. The Court's decisions are now on appeal before the District Court. The Amended Fourth-Party Complaint presents the issue of whether Stewart Title has a duty to indemnify 62-74 for the claims arising from the Lease and Option and whether Stewart Title had a duty to defend 62-74 against such claims.

For the reasons set forth below, the Court concludes that Stewart Title's decision to deny coverage was proper because 62-74 agreed to assume the risk that Pazzo and Berley would assert claims against the Property based on the Lease and Option.

Case:          Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:  18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
               and 62-74 Speedwell Ave, LLC

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and 11 U.S.C. § 105(a).  The adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  The parties have consented to the Court's jurisdiction over the Fourth-Party Complaint.[1]  This is the proper venue for this matter pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

1. Prior to January 7, 2014, Berley was the owner of the Property.  On January 7, 2014, Berley leased the Property to Pazzo pursuant to the Lease.[2]  That same day, Berley entered into a contract of sale for the Property to Lenox Hill Investors, LLC subject to the Lease.[3]

2. Subsequently, Lenox Hill Investors, LLC assigned its rights under the contract of sale for the Property to Speedwell Ventures.  The contract of sale for the Property referenced and incorporated the Option that gave Berley the right to purchase the Property back from Speedwell Ventures.  The Option was to remain in effect until thirty (30) days after Speedwell Ventures gave Berley notice that Berley had to exercise its rights under the Option.  The terms of the Option limited Speedwell Ventures' right to make such a request to (a) three (3) months prior to the ten (10) year anniversary of the date of sale or (b) upon the termination of the Lease – whichever occurred first.[4]  On August 25, 2014, the Option was recorded with the Office of the Morris County Clerk.[5]

---

[1] ECF No. 147 at ¶ 5; ECF No. 164 at ¶ 5.
[2] Certification of Joshua R. Elias ("Elias Cert."), ECF No. 158-3, Ex. B.
[3] Elias Cert., Ex. C.
[4] *Id.*
[5] Elias Cert., Ex. H.

Case:                Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:    18-01216-JKS
Caption of Order:  Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                   and 62-74 Speedwell Ave, LLC

3.  Throughout 2017, Speedwell Ventures provided Berley and Pazzo with written notices that the Option and Lease had terminated due to, among other things, Pazzo's abandonment of the Property.[6]  On August 18, 2017, Speedwell Ventures recorded a Discharge of Memorandum of Option Contract with the Office of the Morris County Clerk (the "Option Discharge").[7] Representatives of Berley and Pazzo received notices of these events and offered no formal opposition.

4.  On December 22, 2017, Speedwell Ventures entered into a purchase and sale agreement (the "Sale Agreement") to sell the Property to Scotto Holdings, LLC ("Scotto") for $3,300,000.  In the Sale Agreement, Speedwell Ventures represented that the Lease and the Option were terminated on August 1, 2017.  The indemnification clause in the Sale Agreement provided that Speedwell Ventures and its principal would indemnify Scotto for claims arising from the Option and the Lease that were not covered by Speedwell's title insurance policy.[8]

5.  On February 2, 2018, Speedwell Ventures and Scotto entered into the First Amendment to Purchase and Sale Agreement (the "Amended Sale Agreement").[9]  The Amended Sale Agreement reduced the purchase price for the Property by $300,000 and changed the indemnification language in several ways.

    A.  The eighteen (18) month time period in which Speedwell Ventures would be obligated to indemnify Scotto was eliminated so that Speedwell Ventures was obligated to indemnify Scotto from any claims arising from the Option or the Lease indefinitely.

---

[6] Elias Cert., Exs. F and G; ECF No. 106-3, Ex. 3.
[7] Elias Cert., Ex. H.
[8] Certification of Peter Realmonte ("Realmonte Cert."), ECF No. 159-8, Ex. A, at ¶¶ 1, 24 and 46.  Scotto would later assign its right to purchase the Property to 62-74.
[9] Elias Cert., Ex. I.

Case:            Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                 and 62-74 Speedwell Ave, LLC

B. Speedwell Ventures was no longer required to post $100,000 into an escrow account that would be used for indemnification purposes.

C. The parties added an additional consideration clause to the Amended Sale Agreement providing that Scotto would be obligated to pay Speedwell Ventures additional consideration if Speedwell Ventures obtained a declaratory judgment that the Option and the Lease were terminated and no longer in force and effect.  Speedwell Ventures would be entitled to varying amounts of additional consideration (as much as $400,000) if it obtained such a judgment by the deadlines established in the Amended Sale Agreement.

D. The Amended Sale Agreement also added language giving Scotto the right to compel Speedwell to institute a declaratory judgment action with respect to the validity of the Lease and Option on or after July 15, 2019.

E. The amendment provided that if the Option or the Lease was determined to be effective and in full force and effect, Speedwell Ventures would be obligated to buy the Property back from Scotto for $3,000,000.[10]

The Amended Sale Agreement specifically addressed the risk that Pazzo and/or Berley would assert claims against the Property under the terms of the Lease and Option even though these claims had apparently been terminated of record.  Nevertheless, this risk was so "real" that Scotto reduced its purchase price by $300,000 and gave Speedwell Ventures the right to earn this money back by eliminating it through legal proceedings.

---

[10] *Id.* at ¶¶ 46-49.

Case:              Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:     18-01216-JKS
Caption of Order:  Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                   and 62-74 Speedwell Ave, LLC

6. Before the closing, Scotto assigned its right to purchase the Property to 62-74.[11]  In order to

obtain a policy of title insurance, Scotto engaged the services of CB Title, as agent for Stewart

Title.  During negotiations, CB Title was made aware of the Option Discharge and was advised

that the Lease had been terminated.[12]  On February 12, 2018, the managing member of

Speedwell Ventures provided CB Title with an Affidavit of Title which stated that there were

no tenants or other occupants of the Property and that the Option was terminated.[13]

7. On February 16, 2018, CB Title, on behalf of Stewart Title, issued a policy of title insurance

(the "Policy") that insured 62-74 in connection with the Property's title.[14]  The Policy contains

a list of covered risks as well as exclusions and exceptions from coverage.

8. The exclusions at issue in this case state that the Policy does not cover:

   3. Defects, liens, encumbrances, adverse claims, or other matters

      (a) created, suffered, assumed, or agreed to by [62-74] ("Exclusion 3(a)");

      (b) not known to [Stewart Title], not recorded in the Public Records at Date of

      Policy, but known to [62-74] and not disclosed in writing to [Stewart Title] by

      [62-74] prior to the date [62-74] became an insured under this policy . . . ."

      ("Exclusion 3(b)")[15]

---

[11] Realmonte Cert. at n. 1.
[12] Certification of Janet Barrows, ECF No. 158-4, ¶¶ 4 and 5.
[13] Elias Cert., Ex. J.
[14] Elias Cert., Ex. M.
[15] Id.

Case:            Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                 and 62-74 Speedwell Ave, LLC

9.  Furthermore, the Policy's Exceptions From Coverage state that Stewart Title will not cover

62-74 on losses, damages, attorneys' fees or costs arising by reason of: "Subject to rights of

tenants and/or lessees under unrecorded leases." ("Exception 8")[16]

10. On February 28, 2018, Berley filed for relief under Chapter 11 of the Bankruptcy Code.[17] On

February 23, 2018, Pazzo filed for relief under Chapter 11 of the Bankruptcy Code.[18] As set

forth above, Berley's goal in filing was to revive the Option and Pazzo sought to revive the

Lease.

11. On May 2, 2018, Speedwell Ventures filed a Complaint against Berley and Pazzo seeking a

declaratory judgment holding that (a) Pazzo had no rights, title or interest in the Lease due to

its termination and (b) Berley had no rights, title or interest in the Option.[19]

12. On June 21, 2018, Berley and Pazzo filed a Third-Party Complaint against 62-74 seeking to

avoid the termination of the Option as a fraudulent transfer, to obtain damages under 11 U.S.C.

§§ 548, 550 and 551 and to restore and assume the Lease.[20]

13. On August 1, 2018, 62-74 filed a Fourth-Party Complaint against Stewart Title asserting claims

of breach of contract, breach of implied covenant of good faith and fair dealing, violations of

the New Jersey Consumer Fraud Act ("NJCFA") and a declaratory judgment that Stewart Title

must provide 62-74 with a defense and indemnity for Pazzo's claims regarding the Lease.[21]

Paragraph 19 of the Fourth-Party Complaint states – "62-74 . . . held a good faith belief that

---

[16] Id. at Schedule B, ¶ 8.
[17] Case No. 18-13914, ECF No. 1.
[18] Case No. 18-13516, ECF No. 1.
[19] ECF No. 1. The filing of this adversary proceeding was an attempt on the part of Speedwell Ventures to fulfill its obligations under the Amended Sale Agreement.
[20] ECF No. 4.
[21] ECF No. 8. The Fourth-Party Complaint was later amended on May 24, 2019 (ECF No. 147) to address only those claims 62-74 asserts against Stewart Title.

Case:              Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:     18-01216-JKS
Caption of Order:  Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                   and 62-74 Speedwell Ave, LLC

the Property was free of any restrictions and/or covenants running with the land that may be

enforceable against the Property, and that Speedwell Ventures held clear and marketable title

for the Property free of any purported interest held by Berley or Pazzo in the Property."

Though this statement is probably true based on the notices provided by Speedwell Ventures

to Berley and Pazzo prior to the closing, it only tells part of the story.  There is no doubt based

on the $300,000 price concession and extensive indemnification provisions in the Amended

Sale Agreement set forth above, that 62-74 was very concerned about, and even expected,

Berley and Pazzo to reassert their interests in the Property.

14. Prior to the filing of the Fourth-Party Complaint, 62-74 requested that Stewart Title obtain

counsel to represent 62-74's interests and intervene in this adversary proceeding.[22]  On July 6,

2018, Stewart Title sent a letter to 62-74 confirming that it had retained counsel to monitor the

adversary proceeding and provide a defense for 62-74 but only with respect to the Option.

Stewart Title denied 62-74's request for coverage under the Policy for claims relating to the

Lease because "Pazzo is asserting its rights as a tenant under the unrecorded Lease."[23]

15. On August 16, 2018, counsel retained by Stewart Title to defend the claims against 62-74

arising from the Option filed a Notice of Appearance and an Answer to the Third-Party

Complaint.[24]

16. Through appointed counsel, Stewart Title became aware of the Amended Sale Agreement. On

October 16, 2018, Stewart Title sent a letter to 62-74 denying coverage for the claims arising

from the Option, stating that the Amended Sale Agreement was evidence of 62-74's

---

[22] Certification of Bob Kasolas, ECF No. 159-5, Ex. L.
[23] Elias Cert., Ex. O.
[24] ECF Nos. 12 and 13.

Case:          Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                and 62-74 Speedwell Ave, LLC

understanding of the risk inherent in purchasing the Property.  Stewart Title also denied

coverage because 62-74 "failed to disclose" how the Option could potentially impact the

Property.[25]  In Stewart Title's opinion, the failure to disclose triggered Exclusions 3(a) and

3(b) of the Policy.  Thus, denying coverage was within its contractual rights.

17. On July 16, 2019, Stewart Title filed its Motion for Summary Judgment arguing that the denial

of coverage was warranted.  Specifically, it argues that denial of coverage on the Lease and

the Option is supported by the terms of Exclusion 3(a), Exclusion 3(b) and Exception 8 of the

Policy.  Stewart Title further argues that 62-74's claim of bad faith must fail because 62-74's

claim of breach of contract argument is without merit.  Finally, Stewart Title argues that the

Policy does not fall within the scope of the NJCFA.[26]

18. On August 27, 2019, 62-74 filed its Cross-Motion for Summary Judgment.[27]  The Court held

a hearing on October 15, 2019 regarding the competing motions for summary judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by

Bankruptcy Rule 7056, provides for entry of summary judgment where the "movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."[28]  A fact is considered material where its determination will have a direct impact

on the outcome of the litigation under the applicable law.  An issue of material fact is considered

genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving

---

[25] Elias Cert., Ex. P at 2.
[26] ECF No. 158.
[27] ECF No. 159.
[28] Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

Case:              Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:     18-01216-JKS
Caption of Order:  Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                   and 62-74 Speedwell Ave, LLC

party.  The Court must construe facts and inferences in a light most favorable to the non-moving

party.[29]

## ANALYSIS

This case involves the interpretation of the Policy.  Under New Jersey law, "the words of

an insurance policy are to be given their plain, ordinary meaning."  When the terms of an insurance

policy are ambiguous, they must be interpreted in favor of the insured.  However, the interpretation

of an insurance policy must not provide the insured with a better policy than the one it bargained

for.  Finally, title policies are liberally construed in favor of the insured and exclusions must be

read narrowly.[30]

The Court must apply the summary judgment standard and the law on interpreting

insurance contracts to the three (3) key provisions of the Policy – Exclusion 3(a), Exclusion 3(b),

and Exception 8.

### I.     Summary Judgment Is Not Warranted On The Exclusion 3(b) Claims And Defenses.

The Exclusion 3(b) issue can be paraphrased as whether the Lease and Option claims were

"adverse claims" that were not known to Stewart Title but known to 62-74 and not disclosed to

Stewart Title in writing before the insurance became effective.  Here, the "adverse claim" was 62-

74's perceived risk that Berley and Pazzo would attempt to revive the Lease and Option even

though they were both terminated, at least from an objective standpoint, before the Property was

purchased by 62-74.  Based on the indemnification provisions of the Sale Agreement, and certainly

the Amended Sale Agreement, there is no doubt that 62-74 was aware of this risk.

---

[29] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).
[30] *Beneficial Mut. Sav. Bank v. Stewart Title Guar. Co.*, 36 F. Supp. 3d 537, 544-45 (E.D. Pa. 2014).

Case:          Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                and 62-74 Speedwell Ave, LLC

---

The material issue of fact is whether Stewart Title had actual knowledge of this risk and whether it was disclosed to them in writing. Arguably, if Stewart Title reviewed the Sale Agreement and Amended Sale Agreement before the Policy was issued, it might be charged with knowledge of this risk. But, Stewart Title denies that it saw the sale contracts before the Policy was issued and 62-74 claims that the sale contracts were provided to Stewart Title before the Policy was issued.[31] Because this is a material disputed fact in the analysis of Exclusion 3(b), the parties' summary judgment motions with respect to Exclusion 3(b) must be denied.

## II.   Stewart Title's Refusal To Defend The Lease Claims Based On Exception 8 Was Proper.

62-74's Amended Fourth-Party Complaint alleges that Stewart Title's denial of defense and coverage on the Lease constituted a breach of the Policy. In order to determine whether Stewart Title breached the Policy, the Court must determine whether Stewart Title had a duty to defend 62-74 from the claims asserted by Pazzo. This determination is distinct from whether Stewart Title has a duty to indemnify.[32]

"Under New Jersey law, the duty to defend is broader than the duty to indemnify, and may arise even where the [insurer] is not ultimately obligated to pay."[33] Once a claim is made against the insured, "the complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment." The insurer must resolve all doubts in favor of the insured.[34] Where "the complaint comprehends

---

[31] ECF No. 165 at 63-64.

[32] *Costagliola v. Lawyers Title Ins. Corp.*, 560 A.2d 1285, 1290 (Ch. Div. 1988) (stating "a title [i]nsurer has three related duties under a title policy: (1) to indemnify the loss upon payment of damages; (2) to cure the title defects if feasible; and (3) to defend the insured in a judicial attack on its title").

[33] *Beneficial Mut. Sav. Bank*, 36 F. Supp. 3d at 544-45.

[34] *L.C.S. Inc. v. Lexington Ins. Co.*, 853 A.2d 974, 979 (2004).

Case:          Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                 and 62-74 Speedwell Ave, LLC

an injury which may be within the policy," the insurer has a duty to defend.[35]  The insured has the

initial burden of showing that the allegations in the complaint fall within the scope of the policy.

If the insured satisfies its burden, then the insurer has the burden of showing that a specific

exclusion applies.[36]

In this case, Stewart Title denied 62-74 a defense of the claims related to the Lease citing

to Exception 8 of the Policy, which excepts from coverage claims arising from the "rights of

tenants and/or lessee under unrecorded leases."[37]  At first blush, the claims by Pazzo appear to fall

within the scope of this exception in that Pazzo was claiming that it had a leasehold interest in the

Property that could be revived.  But Pazzo's claims were not garden variety claims by a tenant

under an unrecorded lease.  Stewart Title was aware, at least based on the unchallenged paper trail

at the time the Policy was issued, that the Lease was terminated.  Also, this Court has determined

that, as of June 9, 2017, the Lease was terminated as a result of Pazzo's abandonment of the

Property.[38]  Thus, the claim by Pazzo under the Lease is best described as a claim by a former

tenant under a lease that had been terminated.  62-74 suggests that the claim brought by Pazzo was

unconventional and did not fit squarely within Exception 8.  Given that the Court must read the

exceptions narrowly and resolve any doubts in favor of the insured, this argument does have some

merit.  But, the Court cannot ignore the ultimate relief that Pazzo was seeking – to be restored as

a tenant under the Lease.  If Pazzo got what it was asking for, Exception 8 would apply because

---

[35] *Abouzaid v. Mansard Gardens Assoc., LLC*, 23 A.3d 338, 346 (2011) (citations omitted).
[36] *Beneficial Mut. Sav. Bank*, 36 F. Supp. 3d at 545 (citations omitted).
[37] Elias Cert., Ex. M, Schedule B.
[38] ECF No. 121.

Page 15
Case:            Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:   18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                 and 62-74 Speedwell Ave, LLC

the Lease was not recorded.[39]  Thus, Stewart Title's denial of the defense of the claims relating to

the Lease was proper.

### III.    Exclusion 3(a) Applies To The Claims Based On The Lease And Option.

Exclusion 3(a) of the Policy provides legitimate grounds for Stewart Title's denial of

coverage.   The Court has reviewed the leading cases cited by the parties concerning the

interpretation of Exclusion 3(a).[40]   Based on this review, the Court agrees with 62-74 that the

claims of Pazzo and Berley relating to the Lease and Option were not "created" or "suffered" by

the insured.  There is no evidence that 62-74 caused or permitted these adverse claims against the

Property.  But, on the issue of whether these adverse claims were "assumed or agreed to," the facts

support Stewart Title.  Importantly for this case, the court in *American Savings & Loan Association*

held that "assume" under Exclusion 3(a) "requires knowledge of the specific title defect assumed"

and "'agreed to' carries connotations of 'contracted,' requiring full knowledge by the insured of

the extent and amount of the claim against the insured's title . . . this definition implies some degree

of intent."[41]

In this case, the Amended Sale Agreement is evidence that 62-74 "assumed or agreed to"

the claims brought by Pazzo and Berley against the Property in these bankruptcy cases.  The

Amended Sale Agreement contains extensive language incentivizing Speedwell Ventures to

---

[39] In New Jersey, any lease for a term of two (2) years or more may be recorded in the office of the county recording officer of the county where the real property is located.  N.J.S.A. 46:26A-2c.  If a lease is properly recorded, then it is effective against subsequent judgment creditors, bona fide purchasers and mortgagees for valuable consideration. N.J.S.A. 46:26A-12.  The goal of the recording statute is to provide third parties with notice of the leasehold interest on the property.

[40] *Cynergy, LLC v. First Am. Title Ins. Co.*, 706 F.3d 1321 (11th Cir. 2013); *Am. Sav. & Loan Ass'n v. Lawyers Title Ins. Corp.*, 793 F.2d 780 (6th Cir. 1986); *Beneficial Mut. Sav. Bank*, 36 F. Supp. 3d 537; *Dare Invs., LLC v. Chicago Title Ins. Co.*, 2011 U.S. Dist. LEXIS 70080 (D.N.J. June 29, 2011); *Pump Shop, Inc. v. Lawyers Title Ins. Corp.*, 79 Mass. App. Ct. 1118 (2011).

[41] *Am. Sav. & Loan Ass'n*, 793 F.2d at 784-85.

Case:          Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:  18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
              and 62-74 Speedwell Ave, LLC

pursue a declaratory judgment holding that the Lease and the Option were terminated and no longer

in force and effect.  62-74 fully understood that there was a risk that Pazzo and Berley would assert

claims against the Property under the Lease and Option even though, by all appearances, these

rights were properly terminated before the closing.  62-74 agreed to accept this risk and secured a

$300,000 discount on the purchase price for the Property for doing so.  62-74 also negotiated with

Speedwell Ventures the detailed indemnification provisions relating to potential claims relating to

the Lease and the Option and the $3,000,000 buy back obligation to further protect it from this risk

if it came to pass.  Having gone to such great lengths in the Amended Sale Agreement to address

the risks posed by the Lease and the Option, and having secured significant financial concessions

from Speedwell Ventures based on this risk, 62-74 agreed to and assumed the risk.  Summary

judgment is granted in favor of Stewart Title on the Exclusion 3(a) claim.

## IV.    Stewart Title Did Not Act In Bad Faith In Denying Coverage To 62-74.

Stewart Title did not act in bad faith in denying coverage to 62-74 as the validity of the

claim was fairly debatable.  In New Jersey, claims of bad faith arising from insurance disputes are

grounded in contract law.  For a claim of bad faith to exist, the insured must show that its claim

was not "fairly debatable."  The insured party "must show the absence of a reasonable basis for

denying benefits of the policy and the [insurer]'s knowledge or reckless disregard of the lack of a

reasonable basis for denying the claim."[42]  So long as the insurer had "a reasonable basis on which

to deny the claim, there [is] no violation of the implied covenant of good faith and fair dealing."[43]

---

[42] *Roberson Indus. Corp. v. Hartford Acc. & Indem. Co.*, 178 F.3d 160, 168-69 (3d Cir. 1999) (citing *Pickett v. Lloyd's*, 621 A.2d 445 (1993)).
[43] *PNC Bank v. Sadek*, 2016 WL 7042193, at *11 (D.N.J. Mar. 11, 2016).

Case:           Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:  18-01216-JKS
Caption of Order: Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                and 62-74 Speedwell Ave, LLC

As stated above, Exclusion 3(a) of the Policy excludes the claims against 62-74 from coverage under the Policy. There is no issue of material fact. The terms of the Amended Sale Agreement show that 62-74 agreed to the risk of litigation regarding the Lease and Option. Stewart Title has a reasonable basis to deny coverage under Exclusion 3(a), Exception 8 and, arguably, Exclusion 3(b). Thus, 62-74's claims for bad faith are dismissed.

**V.      Stewart Title Did Not Violate The New Jersey Consumer Fraud Act.**

Stewart Title's decision to deny coverage to 62-74 does not constitute a violation under the NJCFA.[44]  In order to establish a prima facie case under the NJCFA, the plaintiff must prove three (3) elements. There must be unlawful conduct on the part of the defendant, an ascertainable loss by the plaintiff, and the unlawful conduct must have a causal relationship to the plaintiff's loss. Unlawful conduct exists where the plaintiff can prove one of the acts or omissions enumerated in N.J.S.A. 56:8-2 exists in connection to the sale or marketing of the merchandise.[45]  N.J.S.A. 56:8-2 provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

The Court has determined that Stewart Title's denial of coverage as to the claims relating to the Option and Lease was proper based on 62-74's agreement to assume these risks. Thus, the Court

---

[44] The New Jersey Consumer Fraud Act is found in N.J.S.A. 56:8-1 to 8-20.
[45] *D'Agostino v. Maldanado*, 78 A.3d 527, 536-37 (2013) (citations omitted).

Case:                Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:       18-01216-JKS
Caption of Order:    Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                     and 62-74 Speedwell Ave, LLC

cannot find that Stewart Title has committed any of the acts or omissions set forth in

N.J.S.A. 56:8-2.  For this reason alone, the Court can grant summary judgment dismissing 62-74's

NJCFA claims.

In addition, 62-74 cites *Alpizar-Fallas* for the proposition that the NJCFA covers the

payment of insurance benefits under an insurance policy.[46]  In that case, the Third Circuit

"predict[ed] that the New Jersey Supreme Court would apply the [NJ]CFA" to a claim "where an

insurance company is alleged to have fraudulently performed a contract with a consumer."

Importantly, the plaintiff in that case "allege[d] neither that she filed an insurance claim nor that

she was denied any benefits."  Instead, the defendant's actions fell within the scope of the NJCFA

due to the fraud, false pretenses and misrepresentations by the defendant at the time the parties

entered into the insurance contract.[47]  The *Alpizar-Fallas* decision is in line with other decisions

from the Third Circuit and the New Jersey Supreme Court.  As a general principle, courts in this

jurisdiction "have consistently held that the payment of insurance benefits is not subject to the

[NJCFA]."[48]  However, the NJCFA has been found to be broad enough to include the sale of

insurance policies to consumers.[49]  The distinction between the marketing or sales of insurance

policies and the payment of claims under insurance policies is critical.[50]

In this case, 62-74's NJCFA claim must also fail because the alleged harm is derived from

Stewart Title's denial of coverage for the claim arising from the Option.  62-74 does not argue that

---

[46] ECF No. 159 at 29.
[47] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 915-16 (3d Cir. 2018).
[48] *Granelli v. Chicago Title Ins. Co.*, 569 Fed. Appx. 125, 133 (3d Cir. 2014) (*quoting Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998)).
[49] *Id.* (citing *Lemelledo v. Beneficial Mgmt. Corp. of America*, 696 A.2d 546, 551 (1997)).
[50] *See Zero Barnegat Bay, LLC v. Lexington Ins. Co.*, 2019 WL 1242436 (D.N.J. Mar. 18, 2019); *see also Johnson v. Encompass Ins. Co.*, 2018 WL 2723867 (D.N.J. June 6, 2018); *Fuscellaro v. Combined Ins. Grp., Ltd.*, 2011 WL 4549152 (D.N.J. Sept. 29, 2011).

Case:              Speedwell Ventures, LLC v. Berley Associates, Ltd. and Pazzo Pazzo, Inc.
Adv. Pro. No.:     18-01216-JKS
Caption of Order:  Decision and Order Regarding Cross Motions For Summary Judgment By Stewart Title Guaranty Co.
                   and 62-74 Speedwell Ave, LLC

Stewart Title engaged in unconscionable business practices at the inception of the Policy. Instead,

62-74 wishes to use the NJCFA as a vehicle to provide a remedy for Stewart Title's failure to pay

benefits. As stated above, Stewart Title did not act in bad faith when it denied coverage under the

Policy. Stewart Title had a right to terminate the defense of 62-74 when the terms of the Amended

Sale Agreement became known to Stewart Title. Absent a showing of an unconscionable business

practice in the sale or marketing of the Policy, the Court cannot find that Stewart Title's denial of

coverage falls within the scope of the NJCFA.

## **CONCLUSION**

For the reasons set forth above, the Court concludes that Stewart Title's decision to deny

coverage was proper based on the language of the Policy. 62-74 agreed to assume the risk that

Pazzo and Berley would assert claims against the Property based on the Lease and Option when it

purchased the Property from Speedwell Ventures. Furthermore, 62-74's claim of bad faith is

dismissed because the validity of the claim was fairly debatable. Finally, 62-74's NJCFA claims

are dismissed because Stewart Title did not use unconscionable business practices in the sale or

marketing of the Policy. Since this decision disposes of all of 62-74's claims against Stewart Title,

the Amended Fourth-Party Complaint is dismissed.